ANNA AMUNDSEN, as Administratrix of the Estate of JULIUS E. AMUNDSEN, Deceased, Respondent, v. THE CONSOLIDATED FORWARDING AND BUILDING MATERIAL COMPANY, Appellant.

*Negligence — motor vehicle — action to recover for death through being struck while crossing street.*

*Amundsen* v. *Consolidated F. & B. Material Co.,* 206 App. Div. 601, affirmed.

(Argued October 10, 1923; decided October 26, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1923, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate, while crossing One Hundred and Thirty-second street near Walnut avenue in the borough of The Bronx, was run down by defendant's automobile truck and died as a result of the injuries received. Defendant denied negligence and set up as a defense contributory negligence on the part of intestate.

*James B. Henney* and *Owen F. Hughes* for appellant.
*George M. Curtis, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

NETTIE F. VALENTINE et al., Appellants, v. THE FIRE ISLAND BEACH DEVELOPMENT COMPANY, Respondent.

*Real property — title — ejectment — title cut off by judgment in partition.*

*Valentine* v. *Fire Island Beach Development Co.,* 206 App. Div. 630, affirmed.

(Argued October 10, 1923; decided October 26, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 26, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint

by the court at a Trial Term without a jury. The action was in ejectment to recover an undivided one-fortieth part of certain premises on the Great South beach in Suffolk county known as lot 5 on the partition map filed in the action of *Greene* v. *Sammis* in 1878. The trial court held that any title which plaintiffs' mother, through whom they claim title, may have had in the land was cut off by the judgment in that action.

*Abel E. Blackmar, George H. Furman* and *P. L. Housel* for appellants.

*Benjamin Reass, Charles G. Stevenson, Hugo Hirsh* and *Emanuel Newman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin, Crane and Andrews, JJ.

---

George H. Fletcher et al., Appellants, *v.* The Manhattan Life Insurance Company, Respondent.

*Real property — trust — action to establish trust in real property and for accounting.*

*Fletcher* v. *Manhattan Life Ins. Co.*, 204 App. Div. 814, affirmed.

(Argued October 10, 1923; decided October 26, 1923.)

Appeal from a judgment, entered April 12, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing an interlocutory judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was to have it adjudged that defendant held certain real property as trustee for the plaintiffs and for an accounting of rents and profits. The complaint alleged that on March 17, 1914, the day before the said premises were to be sold in foreclosure, one of the appellants negotiated with the president of respondent an oral contract, the terms of which were in substance that the insurance company should buy in at the foreclosure sale and then resell the property to appellants at the cost of the property. Plaintiffs allege the foreclosure sale and the purchase